**EMPLOYERS INSURANCE OF WAUSAU, a mutual company as assignee of Bank of Viola, Plaintiff,**

v.

**Emory Lee DOONAN, et al., Defendants.**

**No. 86–4047.**

United States District Court, C.D. Illinois, Rock Island Division.

May 22, 1989.

See also 664 F.Supp. 1220.

Louis C. Roberts, Chicago, Ill., Peter Lousberg, Rock Island, Ill., for plaintiff.

Robert L. Ellison, Rock Island, Ill., for Doonans.

Frank J. Galvin, Rock Island, Ill., for Elliotts.

Douglas Scovil, Rock Island, Ill., for Universal Provisions.

David J. Mason, Sun City, Ariz., for Mason.

Franklin Wallace, Rock Island, Ill., for Fisher.

Stuart Lefstein, Rock Island, Ill., for Gallagher, Milliken, Slavish and Lambin.

## MEMORANDUM OPINION

MIHM, District Judge.

■ At issue is whether an insurance company has a right of subrogation against bank officers or directors for conduct greater than mere negligence but not rising to the level of fraud, bad faith, personal benefit or actual knowledge.

Previously this Court applied the reasoning of two state courts in determining that no right of subrogation exists for mere negligence. *First National Bank of Columbus v. Hansen*, 84 Wis.2d 422, 267 N.W.2d 367 (1978); *Dixie National Bank of Dade County v. Employers Commercial Union Insurance Company of America*, 463 So.2d 1147 (Fla.1985). This Court held that an insurance company, in exchange for payment of premiums, accepts the risk that the insured may negligently cause a loss covered by the bond agreement.

After that ruling this Court ordered the parties to brief the issue of the insurance company's right of subrogation where the conduct of the directors and officers were characterized as grossly negligent or reckless. The Court heard oral argument on that issue after which it ruled that no recovery may be had by right of subrogation in the absence of fraud, bad faith or other evidence indicating that the bank officers derived a personal benefit from the defaulting employee's dishonesty or that the officers actually discovered the conduct causing the loss. At that hearing, the Court indicated that it would enter a written opinion setting forth the basis for its decision. This is that opinion.

■ Subrogation is an equitable right and only exists where "from all the circumstances of the case, it ought in equity and good conscience to exist." *Home Indemnity Co. v. Shaffer*, 860 F.2d 186 (6th Cir. 1988). Thus, a fidelity insurer is not subrogated to the rights of its insured unless the equities in favor of the insurer are greater than those of the person against whom subrogation is invoked. *See, First National Bank of Columbus v. Hansen*, supra.

The fact that the insurer was paid premiums in exchange for accepting the risk that the insured itself may cause a loss is a factor weighing against the insurer in the balancing of equities. *Home Indemnity*, 860 F.2d at 187. Since the conduct of the insured's officers and directors is the conduct of the insured (where, as here, the insured is a corporation), the conduct of the officers of the insured is one of the risks assumed by a fidelity insurer. To allow the bonding company to avoid the risk it has been paid to assume by permitting it to recover from agents of the bank would be to place the insurer in a no-lose situation.

The difference in degree between negligence and gross negligence or recklessness is simply not sufficient to shift the balance of equities in favor of the insurer. Other courts discussing this issue have emphasized that evidence of fraud, bad faith or dishonesty on the part of the directors or officers would likely shift the equities in favor of the insurer, thus permitting a right of subrogation. *Dixie National Bank*, supra; *Hansen*, supra; *Home Indemnity*, supra. This Court in its previous order found that evidence of actual discovery of a dishonest scheme would also likely shift the equities.

The balance of the equities approaches equilibrium as the character of the conduct increases in egregiousness. However, absent evidence of some bad motive or actual discovery, the balance does not shift and the insurer has no right of subrogation against agents of its insured. As was agreed at the hearing after this ruling was announced, the Plaintiff will replead its

Complaint eliminating all counts based upon conduct not rising to the level of fraud, bad faith or personal dishonesty or actual knowledge of a dishonest scheme.